**UNITED STATES DISTRICT COURT OF WASHINGTON**

**WESTERN DISTRICT OF WASHINGTON**

**SEATTLE COURTHOUSE**

| | |
|---|---|
| **CODY, INC., a Delaware corporation,** | No. |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT AND TRADE LIBEL** |
| v. | |
| **DANA FALSETTI, an individual; and DOES 1 through 10, inclusive,** | |
| Defendants. | |

Plaintiff Cody, Inc. ("Cody" or "Plaintiff") alleges against defendant Dana Falsetti ("Falsetti" or "Defendant"), and Does 1 through 10 as follows:

## THE NATURE OF THE ACTION

1. Cody is in the business of operating and maintaining a health and fitness training environment that connects physical movement, technology, and community into a fitness experience through video, social media, the internet and direct counseling and training, based on content produced by its staff of coaches. Falsetti is and has been one of Cody's coaches providing content and materials based on a contractual relationship between them.

## THE PARTIES

2. Cody is a Delaware corporation with its principal place of business in Seattle, Washington.

3. Upon information and belief, defendant Dana Falsetti is an individual residing in Philadelphia, Pennsylvania.

4. The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff and it therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and upon such information and belief alleges that each of the fictitiously named defendants is or was the agent, co-owner, partner, or in some other manner affiliated with Defendant, or owns, possesses or claims entitlement in some capacity in the management or ownership of the limited liability company that is the subject of this action.

## JURISDICTION

5. On or about August 1, 2016, Cody and Falsetti entered into a written "Talent License and Release Agreement" ("Agreement"). The Agreement contains sensitive commercial information which is subject to a confidentially agreement between the parties. Accordingly, Cody has not attached a copy of the Agreement to this complaint. Cody and Falsetti both have copies of the Agreement and Cody can provide a copy to the Court at its request.

6. Pursuant to the Agreement, Cody and Falsetti agreed that the exclusive jurisdiction of all disputes under the Agreement will lie in the state and federal courts of King County, Washington, and that the Agreement would be governed by the laws of the State of Washington, without reference to its conflict of law principles.

7. This Court has diversity jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 as Plaintiff is a resident of Seattle, Washington and Defendant is a resident of Philadelphia, Pennsylvania and the amount in controversy is more than $75,000.

## VENUE

8. Venue is proper in this Court pursuant to the Agreement referred to herein.

**FACTUAL BACKGROUND**

9. Pursuant to the terms of the Agreement, Falsetti granted to Cody the right, among other things, to make, use, produce and own Recordings and Collateral, defined under the Agreement as the Materials, utilizing Falsetti's physical likeness, name, voice, image, performance, persona and exercise routines. Under the terms of the Agreement, Falsetti acknowledged and agreed that Cody owns all copyrights and Materials.

10. Pursuant to the Agreement, Falsetti agreed to use her best efforts to provide Cody with all required services to carry out the promotional activities for Productions under the Agreement and to use her best efforts to promote the Recordings whenever possible. In addition, by entering into the Agreement Falsetti agreed that she would exercise good faith and fair dealing in all matters related thereto so as not to deprive Cody of the benefits thereof.

11. Falsetti also agreed in the Agreement to maintain the confidentiality of all Materials and Productions as defined in the Agreement, and agreed not to disclose the content of any of Cody's or its affiliates' and/or designated entities' business plans, marketing strategies, advertising campaigns and related information without Cody's prior written consent.

12. Falsetti is active on social media including, but not limited to maintaining an Instagram account that has 306,000 followers and a Facebook account with at least 190,000 followers. Falsetti is a public figure of influence in the body and health fitness and awareness community in that she is an international yoga teacher, writer, and advocate, sharing her message across social media that anybody can practice yoga and find a path to a truly fulfilling life. Falsetti contributes to notable publications and has been featured in media outlets across the globe including Shape, Upworthy, People, The Daily Mail, OM Yoga, Mantra, and more, and has been nominated for a 2017 Shorty Award (recognizing excellence in social media) in the Health and Wellness category, and was recently named on OOOM Magazine's "100 Most Inspiring" list.

13. On or about September 27, 2017, Falsetti was advised, in confidence, by Cody's

authorized representative that Cody's ownership had been acquired by another entity, that this information was not public, and that Cody, in part in consultation with its coaches like Falsetti, was developing a public campaign and strategy for such announcement. Falsetti agreed at that time in that conversation that she would maintain the confidentiality of this information, and such agreement was consistent with her obligations under the Agreement to maintain the confidentiality of such business plans and strategies, among other things.

**FIRST CLAIM FOR RELIEF**
**(Breach of Written Contract)**

14. Plaintiff realleges and incorporates by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

15. Cody has performed each and every condition and obligation required on its part under the Agreement.

16. Falsetti has breached the Agreement. In particular, on or about December 5, 2017, contrary to the Agreement and her oral promise to Cody, she broadly announced through her social media accounts that Cody had been acquired by another entity. The information disclosed was not public when disclosed by Falsetti. Falsetti's disclosure of the acquisition was combined with disparaging and critical commentary on this acquisition and defamatory statements, as more fully described below.

17. Cody alleges upon information and belief that Falsetti's breach was done in bad faith, and was purposeful, spiteful, and designed to damage Cody and its affiliated entity and injure their reputations in the community at large.

18. As a direct and proximate result of Falsetti's breach, Cody has been damaged in an amount which is uncertain at this time, but which will exceed $75,000, attributable directly to Falsetti's notoriety, standing and influence in the community through her social media activities, and the impact of her actions on the sales and popularity of Cody's product offerings, including subscription-based training and other sales.

## SECOND CLAIM FOR RELIEF
### (Trade Libel)

19.  Plaintiff realleges and incorporates by reference the allegations contained in each of the above paragraphs as if fully set forth herein.

20.  Plaintiff intends service of this summons and complaint as compliance with the requirement of a written request for correction or clarification, pursuant to Revised Code of Washington section 7.96.040(4), and therefore hereby notifies Falsetti, that:

(a) this written request is made by plaintiff, Cody, Inc.;

(b) the specific statements known to Cody at this time that are alleged to be false and defamatory or otherwise actionable were made on or about December 5, 2017 by way of Falsetti's social media accounts, and are that (i) the "brand perpetuates body shame, (ii) the brand is elitist, and is a "club that only some can be in," (iii) the brand does not make clothes for Plaintiff or her students, (iv) there are "sexual harassment/assault allegations against one of the owners (multiple counts)," and (v) the brand "lies";

(c) the defamatory meaning of these statements is that Cody and its affiliated entity do not tell the truth, are not inclusive of all individuals and discriminate based on body shape, size or other characteristics, will not allow patronage and will not support individuals unless they satisfy certain physical characteristics aligned with antiquated, and misogynist ideas of beauty and health and fitness, and that those in leadership or ownership engage in sexual harassment and assault;

(d) the defamatory meaning of the statements arises from not only the express language of the publication, but also from the fact that Falsetti represents a specific segment of the community, i.e., women who participate in and advocate health and fitness activities, especially yoga, and her statements are intended as an accusation that Cody discriminates against that segment of the community; and

(e) the defamatory meanings of the statements alleged above are false.

21.  Falsetti has published and communicated the foregoing untrue statements of fact through her posts and comments on her social media accounts described herein. When posting said

statements, Falsetti was aware that they would be read by numerous others who follow her accounts.

22. The statements and written communications referred to herein are untrue, as alleged hereinabove.

23. Falsetti knew when she made these statements and communications that they were false, or did so with reckless disregard of the truth, and did so without engaging in any or sufficient verification or fact-finding prior to said publication.

24. The communications have resulted, and will continue to result in pecuniary damage to Plaintiff in that Cody will incur a loss of business, and its business and reputation will be significantly damaged. Immediately after publication, Cody began receiving inquiries and accusations from existing clientele, all based on the combination of the falseness of Falsetti's statements and her influence over a large community.

25. As a proximate result of the conduct of Falsetti, Cody has been damaged in an amount that exceeds the jurisdictional requirement of this court, but the extent of which is as yet uncertain.

26. The conduct of Falsetti as alleged herein was willful, malicious, oppressive and fraudulent, justifying award of punitive damages.

WHEREFORE, Plaintiff requests the relief set forth below.

## **PRAYER FOR RELIEF**

1. For damages, according to proof;

2. As to the Second Claim for Relief, punitive damages;

3. For injunctive relief;

4. The Plaintiffs be awarded the costs of this civil action, together with their reasonable attorney's fees.

5. For prejudgment interest; and

6. For such other further relief as the Court deems just and proper.

Dated: December 6, 2017

**CARNEY BADLEY SPELLMAN, P.S.**
**Attorneys for Plaintiff Cody, Inc.**

By  */s/ Ashley K. Long*
Ashley K. Long/ WA Bar No. 45738
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
Telephone: (206) 622-8020
Facsimile: (206) 467-8215
Email: long@carneylaw.com

**THOITS LAW**
**Attorneys for Plaintiff Cody, Inc.**

By  */s/ Andrew P. Holland*
Andrew P. Holland/ CA Bar No. 224737
*(Pro hac vice application pending)*
Stephen C. Gerrish/ CA Bar No. 61253
*(Pro hac vice application pending)*
Misasha S. Graham/ CA Bar No. 237187
*(Pro hac vice application pending)*
A Professional Corporation
400 Main Street, Suite 250
Los Altos, California 94022
Telephone: (650) 327-4200
Facsimile: (650) 325-5572
Email: aholland@thoits.com
sgerrish@thoits.com
mgraham@thoits.com

10965.001/1047557

7

COMPLAINT